Solá *v.* Orcasitas.

Appeal from the District Court of Humacao.

No. 15.—Decided June 13, 1906.

Contracts—Evidence.—If the parties fail to exercise the right which he has under sections 25 and 28 of the Law of Evidence, it does not follow that he will be prejudiced in these cases in which the text of the document, with the aid of the Rules of Construction laid down by the Civil Code and the Law of Evidence itself, is sufficiently clear to show its real meaning.

Id.—Intention of the Parties.—If the terms of a contract are clear and leave no doubt as to the intention of the contracting parties, the literal sense of its stipulations shall be observed, but if the words should appear contrary to their evident intention, the intention shall prevail; and in order to judge of the intention, consideration must be given principally to the acts of the parties, contemporaneous and subsequent to the contract.

Id.—Resolutory Condition—Purchase and Sale.—The failure to meet a resolutory condition in a contract of purchase and sale extinguishes whatever right the party so failing had.

Id.—Errors of Words which Do Not Alter the Real Meaning of the Contract.—When the intention of the parties is evident from the language of the contract, section 1256 of the Civil Code does not apply even if the contract contains errors of words but which do not alter its real meaning.

The facts are stated in the opinion.

*Mr. Díaz Navarro* for appellant.

*Mr. José de Guzmán Benítez* for respondent.

Mr. Justice Hernández delivered the opinion of the court.

Marcelino Solá Rodríguez, being the owner of a house situated in the city of Caguas, sold it by public deed, dated August 10, 1900, and recorded in the registry of property, to Pedro Orcasitas Ortiz, for $4,200, with a right to redeem

the same embodied in the second clause of said deed, which clause reads as follows:

"It is expressly agreed that the vendor, Marcelino Solá, reserves the right to redeem the house the subject of this sale, on August 10th of the year 1906, upon returning the price of this sale to the vendee Orcasitas, who obligates himself to execute the proper redemption deed; and it is understood that if the term agreed on should expire without the vendor Solá returning or paying said sum to the vendee Orcasitas, the latter shall irrevocably acquire the ownership of the urban estate sold, and this sale shall be considered to have been regularly consummated. It is agreed that Solá obligates himself to give notice to Orcasitas at the beginning of the fifth year whether or not he intends to recover the estate upon the expiration of the sixth year— that is to say, one year before the date fixed for the redemption— without which notice from such date the redemption condition shall remain (*sic*), Solá losing the right to recover the said estate. It is also stipulated that in no case shall the said Solá make use of the right to redeem before the expiration of the six years agreed upon."

Pedro Orcasitas Muñoz, having become the owner of said house by inheritance, such ownership being recorded in the registry of property in his favor, Marcelino Solá wrote him a letter on August 16, 1905, informing him that in compliance with the provisions of one of the clauses of the deed of sale which he had executed in favor of his father, he gave him notice that he intended to redeem the house upon the expiration of the period for redemption agreed upon, as provided in the deed referred to.

To this letter Orcasitas Muñoz made answer on the same date, August 16th, that as it had been stipulated in one of the clauses of the deed of sale that said Solá, in the event that he should desire to redeem the house, was to give notice to the former, one year in advance, of the date of the expiration of the term agreed on—that is to say, August 10, 1905—and not having received any notice on that day he presented the deed to the registrar of property, for the purpose of placing thereon a memorandum of its consummation.

Solá addressed a letter on the same date, August 16, 1905, to Orcasitas Muñoz, replying that he had complied with the provisions of the deed of sale by giving notice at the beginning of the fifth year, and that he reminded him furthermore that he had also notified him at the beginning of the third year; and that, therefore, his right to recover the house upon the expiration of the redemption period could not be nullified, and that he was disposed to enforce said right in the courts of justice if Orcasitas Muñoz did not recognize the same.

At the request of Orcasitas Muñoz the consummation of the sale of the house in question was made a matter of record in the Registry of Property of Caguas by means of the following entry:

"The sale of the estate referred to in the adjoining record, No. 15, has been consummated, by reason of the failure of the vendor to give notice one year in advance, as agreed in the redemption clause, that he desired to redeem it. This appears from the register and the first copy of deed No. 167, executed in this city on August 10, 1900, before José Abelardo Cajas y Machado, a notary of the same, which was presented in this registry at 2 o'clock p. m. of the 14th instant, according to entry 595, folio 215, reverse side, volume 9, of the journal. Caguas, August 16, 1905.—Signed, Pedro Orcasitas. Abella."

Taking the facts above set forth as a basis, Marcelino Solá, on August 26, 1905, filed a sworn complaint in the District Court of Humacao against Orcasitas Muñoz, and prayed that the record of the consummation of the contract entered in the registry of property be declared null and void; that the defendant be required to receive from the plaintiff the $4,200, the price of the estate in litigation, and that he execute in his favor the proper deed of redemption before a notary, with the costs against him.

Orcasitas Muñoz opposed the complaint, accepting the provisions of the deed of sale of the house by Marcelino Solá to Pedro Orcasitas Ortiz, the letters exchanged between Solá and Orcasitas Muñoz, and the entry in the registry of the consummation of said sale; but he further alleged that in the

second clause of the deed a material error had been committed. in writing the word "remain" (*quedará*) instead of "cease" (*cesará*); that it was clearly stipulated in this clause that Solá was to give the notice not during the early part of the fifth year, but at the beginning of the fifth of the years stipulated for the redemption; that the date had been stipulated in said clause more precisely in providing that such notice was to be given one year in advance of the expiration of the right to redeem; that the year had expired on August 10, 1905, and that Solá had let six days pass without giving the notice; and, therefore, had lost the right to redeem the estate, the entry of the consummation of the sale recorded in the registry of property being consequently valid.

A day having been set for the trial, a copy of the deed of August 10, 1900, and certificates issued by the Registrar of Property of Caguas relating to the record of said deeds in the registry and the entry of the consummation of the sale, were introduced in evidence, Pedro Orcasitas Muñoz having further testified as follows with regard to the question in litigation:

"That in said deed of August 10, 1900, it was provided that Mr. Solá should give notice one year in advance if he desired to recover the house in order to permit Orcasitas to move to some other place, or to give him time to remove his business and quit; that no fixed date but a fixed time had been set for giving such notice; that if on December 31, 1905, for example, one person tells another that one year from said date they will transact certain business upon the expiration of the year—that is to say, December 31, 1906—it is understood that the period has expired; that when the notary dictated the deed of August 10, 1900, to the copyist it appears that the latter misunderstood him or made a mistake in writing, and when the words "without which notice the condition of the redemption shall cease on said date" were dictated to him he wrote "remain;" that the notary read the deed after it had been written and that he did not notice the error until he took the deed to the registrar of property for the consummation of the agreement of redemption; that he did not ask Mr. Solá to explain the error, because the registrar had told him that this was not necessary because it could be deduced from the rest; that upon the

expiration of the period for the redemption he did not ask Solá either publicly or privately, to inform him whether he was going to redeem the estate or not, because he was under no obligation to do so, and that he was present when the deed was executed before the notary, but that he does not recollect whether he appeared as a witness thereto or not.''

The Humacao court rendered judgment on December 28 of last year, which reads as follows:

''This cause was called for trial on December 21, 1905, Attorneys Díaz Navarro and Vías Ochoteco appearing for the plaintiff and defendant, respectively, on which date the court heard the evidence and the arguments of counsel, and reserved judgment.

''This 28th day of December, 1905, the court holds that the law and the facts are in favor of the defendant, and, therefore, that the plaintiff is not entitled to recover anything from the defendant, the latter being relieved of all claims under this complaint, with the costs against the plaintiff; and it is ordered that execution issue against his property for the satisfaction of this judgment.

''Done under my hand, in Humacao, December 28, 1905.—Charles E. Foote. Attest: Enrique Rincón, secretary. Entered December 28, 1905. Enrique Rincón, secretary.''

Counsel for Marcelino Solá took an appeal from this judgment, alleging the following grounds in support thereof:

''I. Violation of sections 26 and 28 of the act of March 9, 1905, relating to evidence, in that the second clause of the deed of August 10, 1900, the construction of which is the issue involved in this litigation, was not accepted by the trial court, according to the terms in which it is drawn although the defendant failed to produce any evidence of the error which he alleges to have been committed by the notary before whom the document was executed, by the insertion therein, as alleged, of the word ''remain'' instead of the word ''cease,'' in the drafting of said clause.

''II. Violation of the second paragraph of section 1248 and section 1249 of the Civil Code, because if the disputed clause of the deed of August 10, 1900, is accepted as written therein, it must be agreed that its words are contrary to the intention which the defendant Orcasitas affirmed in his letter of August 16, 1905, and in his answer to the complaint, it to be the intention of the contracting parties that

Solá was to give notice of his intention to redeem the estate exactly on August 10, 1905. The clause provides that Solá was obliged to give notice to Orcasitas 'at the beginning of the fifth year' as to whether he intended to repurchase the estate at the expiration of the six years— that is to say, 'one year before the date fixed for the redemption.' The sale having taken place on August 10, 1900, the fifth year began on August 10, 1904, and ended on August 10, 1905, on which day the sixth year, which was to end on August 10, 1906, began. If the notice was to be given at the beginning of the fifth year, it is evident that it should have been given on August 10, 1904, and not on August 10, 1905, as Mr. Orcasitas affirms in his letter of August 16, 1905, and in his answer to the complaint, in construing the clause in controversy. As notice should have been given August 10, 1904, it is also evident that it could not be given one year in advance of August 10, 1906, the date of the expiration of the agreement. Therefore the words of the clause in litigation are absolutely opposed to the intention which the defendant alleges the contracting parties had, and this being so it became the duty of the trial court to determine such intention. Such intention could be determined only in accordance with the legal provisions which I have cited, by the acts of the parties; that is, the failure of Mr. Orcasitas to request the record of the consummation of the agreement of redemption in the registry of property before August 14, 1905, and the fact of Mr. Solá having given him notice that he intended to redeem the house two days after such date, showing that neither of the parties had the idea that it had been agreed that such notice was to be given exactly on August 10, 1905, but during the first days of the last of the six years agreed on for the redemption, as alleged in the complaint.

"III. Violation of the first paragraph of section 1256 of the Civil Code, in that if what has been alleged were not applicable, it would have to be admitted in view of the statement contained in the preceding paragraph, that the clause in controversy is so obscure and doubtful that it is not possible to determine whether it was the intention of the contracting parties that the notice should be given at the beginning of the fifth of the six years agreed on; that is to say, on August 10, 1904, as stated in the clause, or one year before the expiration of said six years, as the clause also provides; that is to say, exactly on August 10, 1905, as alleged by the defendant. This being the case, and as the contract involves a valuable consideration, the doubt or obscurity should have been decided in favor of the greatest 'reciprocity of interests,' as prescribed in the legal provision cited; that is to say, determining that Mr. Solá in giving his notice on August 16, 1905, did

so in time; and thus the latter would recover his house and Mr. Orcasitas would be refunded the amount he had paid therefor, the latter also being given sufficient time to seek another location for his store, which was the principal purpose of the agreement that notice of the redemption of the estate should be given in advance, as alleged by the defendant in his testimony.

"IV. Violation of the doctrine laid down as to the construction of contracts by the jurisprudence of the United States in numerous cases, to the effect that 'a contract cannot be given a construction resulting to the exclusive advantage of one of the contracting parties and to the prejudice of the other, and the efficiency of contracts does not extend beyond the stipulations thereof; and in case of doubt on this point a decision must be rendered against the existence of obligations which are not clearly established.'

"V. Violation of section 1058 of the Civil Code, because as the clause in controversy must be accepted in the form in which it is drawn, inasmuch as the defendant did not prove that an error had been committed therein by inserting one word for another, it must be agreed that according to its context, whether notice was or was not given, Solá does not lose his right to redeem the estate until the last day of the six years during which it had been agreed that he could make the redemption."

Let us now enter upon an examination as to whether or not the violations of law alleged have been committed.

It is true that section 25 of the law relating to evidence of March 9, 1905, authorizes proof of the terms of an agreement not contained in the document embodying such agreement, when a mistake or imperfection of the document is put in issue by the pleadings, and that section 28 of said law permits that, for the proper construction of an instrument, the circumstances under which it was made, including the situation of the subject of the instrument, and of the parties to it, be shown; but the party interested may avail himself of this right at his option, as may be in furtherance of his interests, failure to exercise such right not causing him any prejudice whatsoever when, as in the case at bar, the text of the document is sufficient to establish its real meaning with the aid

of the rules of construction laid down by the Civil Code and the said law relating to evidence.

Therefore, there has been no violation of the legal provisions cited in the first ground of the appeal.

Nor do we see in the judgment appealed from any violation of the second paragraph of section 1248 and section 1249 of the Civil Code, which read as follows:

"Section 1248.—If the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed.

"If the words should appear contrary to the evident intention of the contracting parties, the intention shall prevail.

"Section 1249.—In order to judge as to the intention of the contracting parties, attention must principally be paid to their acts, contemporaneous and subsequent to the contract."

Upon an examination of the clause in controversy in the light of the legal provisions above transcribed, and confining ourselves to its natural meaning, it appears that the vendor, Marcelino Solá, reserved the right to recover on August 10, 1906, the house sold to Orcasitas Ortiz; it being further stipulated that Solá should give notice to Orcasitas one year in advance if he intended to avail himself of this right or not, which right he would lose in the event of omitting the formality of notice.

Such are the substantial contents of the agreement of repurchase embodied in the clause in litigation, and although if we confine ourselves to the letter thereof we find some contradictory statements, such as that Solá was obliged to give notice to Orcasitas at the beginning of the fifth year if he intended to redeem the estate upon the expiration of the six years, when, according to the same clause, notice was to be given one year in advance of the date fixed for the expiration of the right of redemption—that is to say, the beginning of the sixth year—and that without such notice it would remain from the date upon which notice of the intention to repurchase should have been given, when it expressly

provided that Solá would lose the right to redeem the estate if he did not comply with the formality of giving notice, such contradictions are dissipated by the contracting parties themselves in providing in a conclusive and categorical manner in the deed of sale that Solá reserves the right to recover the house, the subject of the sale, on August 10, 1906; that Solá was under the obligation of giving notice to Orcasitas one year in advance if he intended to redeem the estate, and that without such notice Solá would lose his right to redeem it.

A similar construction is to be deduced from the same clause in controversy, which very clearly reveals that such was the intention of the contracting parties, and none other; and if any doubt could exist they dissipate it themselves by their correspondence, which shows that it was their understanding and belief that the notice for the recovery of the estate was to have been given in August, 1905, with the only difference that Solá holds that the notice should have been given at the beginning of the last of the six years agreed on for the repurchase, and that therefore he was within his rights in giving such notice on August 16, 1906; while Orcasitas maintains that, as the notice should have been given one year prior to the expiration of the six years stipulated in the contract, it should have been given not later than August 10, 1905, inasmuch as the term expired on August 10, 1906.

It appears, therefore, according to the correspondence of the parties, that the notice for the recovery of the house by Solá should not have been given at the beginning of the fifth year, as was erroneously stated in the deed, but one year in advance of August 10, 1906, when the right of redemption expired, as explained in that document, and that it is impossible to admit that in the absence of such notice the condition to repurchase continued in force, because such a construction is in open contradiction to the intention of the contracting parties, who clearly stipulated that Solá should lose the right to recover the estate if he failed to give the notice one year before the expiration of such right.

Solá did not give such notice at the time provided in the contract, but did so on August 16, 1905, when he should have given it not later than the 10th of said month of August; and, therefore, the sale was consummated and Orcasitas was entitled to request, as he did, that the consummation should be recorded in the registry.

The trial judge, instead of having violated the provisions of sections 1248 and 1249 of the Civil Code, as alleged by the appellant, has applied them correctly.

Section 1256 of said Civil Code is not applicable to this case, because the dominant meaning of the provisions of the clause in litigation—that is to say, the real intention of the contracting parties—is shown upon reading said clause, although it does contain some errors which are more of words than ideas, which do not alter such meaning.

Solá cannot maintain that the notice to recover the house should have been given at the beginning of the fifth of the six years stipulated for the repurchase—that is to say, in August, 1904; because in such case the sale would have been consummated before Solá addressed his letter of August 16, 1905, to Orcasitas.

Nor can it be maintained that the agreement of redemption continued in force by reason of the fact that Solá failed to give the notice on August 10, 1904; because if the effect of the condition of the notice had been to cancel or rescind the right to redeem in the event of failure of compliance, it is now juridical from every point of view to argue that failure to comply with a condition precedent should maintain in force and effect a right which was supposed to become rescinded and extinguished.

The principle of American jurisprudence invoked by the appellant in support of the appeal, although not supported by the proper citations, but which we accept in so far as it conforms to the laws and jurisprudence applicable in this Island with regard to the construction and force of contracts, corroborates the justice of the judgment appealed from which

recognized in each party the rights and obligations derived from the contract of purchase and sale in question, with a right to repurchase, without giving the latter any greater legal scope than that agreed on.

Finally, we cannot agree that there has been a violation of section 1058 of the Civil Code, which provides that obligations arising from contracts have legal force between the contracting parties and must be fulfilled in accordance with their stipulations; because, on the contrary, we believe that as the clause in controversy which originated this action should be construed in the sense stated, it is the duty of the plaintiff to conform to the conditions of the contract and submit to the consequences thereof, which, in this case, owing to his failure to exercise the right to redeem the estate sold within the term fixed, are the consummation of the sale and its admission to record in the registry of property by means of a marginal note.

For the reasons stated, the judgment rendered by the District Court of Humacao on December 28 of last year should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.